UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FROST, | No. 2:18-cv-3002 TLN CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. WATSON, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The claims which remain arise under the Eighth Amendment and are based upon incidents occurring at Mule Creek State Prison (Mule Creek) on May 24, 2018. The remaining defendants (defendants) are Sergeant J. Watson, Correctional Officer J. Matchak, and Correctional Officer J. Bordewick. Defendants' motion for summary judgment is before the court. Defendants argue that plaintiff did not exhaust available administrative remedies prior to filing suit.

Under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." At the time of the incidents at issue in this case, administrative procedures with respect to claims brought in this court by California Department of Corrections and Rehabilitation inmates are exhausted once the third level of review is complete. The third level of review

constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation (CDCR).  Cal. Code Regs. tit. 15, § 3084.7.

If undisputed evidence viewed in the light most favorable to the prisoner / plaintiff shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  If there is at least a genuine issue of material fact as to whether there was exhaustion, the motion for summary judgment must be denied.  See Fed R. Civ. P. 56(a).

Defendants point to evidence indicating that plaintiff submitted a grievance concerning the claims which remain in this action before plaintiff's complaint arrived in this court on November 16, 2018.  ECF No. 27-5 at 7-9.  Defendants also point to evidence indicating the third level decision on that grievance was not issued until January 24, 2019.  ECF No. 27-5 at 5-6.  Plaintiff does not put forward any evidence contradicting the evidence put forward by defendants' nor otherwise dispute that available administrative remedies with respect to plaintiff's remaining claims were not exhausted until after plaintiff brought this action.

While it is not disputed that administrative remedies are now exhausted, it is clear that exhaustion must occur, as indicated above, before an action is brought.  Exhaustion while an action is pending does not satisfy 42 U.S.C. § 1997e(a).  Vaden v. Summerhill, 449 F.3d 1047 (9th Cir. 2006).

For all of these reasons, the court will recommend that defendants' motion for summary judgment be granted and plaintiff's remaining claims be dismissed without prejudice.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 27) be granted;

2. Plaintiff's remaining claims be dismissed without prejudice for failure to exhaust available administrative remedies prior to bringing this action; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 6, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
fros3002.msj.exh